## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DEBORAH N. JACKSON,

     Plaintiff,

v.

                           Case No.: _____

PKC2 LLC, a Florida limited liability
company, and ALL COUNTY PROPERTY
MANAGEMENT AND REALTY, INC.
d/b/a/ ALL COUNTY SUNCOAST
PROPERTY MANAGEMENT, a Florida
profit corporation,
     Defendants.
_____/

## **COMPLAINT**

## **(Declaratory and Injunctive Relief Requested)**

COMES NOW the Plaintiff, Deborah N. Jackson ("Ms. Jackson"), and

hereby sues Defendants PKC2 LLC and All County Property Management and

Realty, Inc. d/b/a All County Suncoast Property Management (collectively,

"Defendants"). In support thereof, Plaintiff alleges the following:

## NATURE OF ACTION

1.     This is an action brought for housing discrimination based on race and

color under the Fair Housing Act, 42 U.S.C. § 3601, et seq. (the "Act") for

monetary damages and equitable relief.

JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction over this action pursuant to

28 U.S.C. §§ 1331 and 1343.

3.     This court has personal jurisdiction over Defendants because

Defendants have conducted ongoing business transactions in this Judicial District,

and the acts or omissions giving rise to this action occurred in this Judicial District,

which caused harm that Defendants knew or should have known was likely to be

suffered in this Judicial District.

4.     Venue is proper in the United States District Court for the Middle

District of Florida, Tampa Division, under 28 U.S.C. §§ 1391(b)(2).

PARTIES

5.     Plaintiff is an individual and United States Citizen domiciled at 200

78th Avenue North, apartment 18, St. Petersburg, FL 33702.

6.     Defendant PKC2, LLC ("PKC2") is a Florida limited liability

company with a principal address of 229 176th Terrace Drive East, Redington

Shores, FL 33708.

7.     Defendant All County Property Management and Realty, Inc. d/b/a

All County Suncoast Property Management ("All County") is a Florida profit

corporation with a principal address of 1700 66th Street North, # 402, Saint

Petersburg, FL 33710.

FACTUAL ALLEGATIONS

8.      At all times relevant to the Complaint, PKC2 was the owner of the apartment building located at 3467 33rd Avenue North, St. Petersburg, FL 33713 (the "Subject Building").

9.      Starting on 21 June 2021, and at all relevant times thereafter, All County was the property manager of the Subject Building, and was responsible for collecting rent from the tenants in the Subject Building, maintaining the records of the tenant accounts at the Subject Building, and communicating with tenants in the Subject Building regarding deficiencies in their accounts.

10.     The relationship between PKC2 and All County was that of principal and agent. The actions carried out by All County in the course of its contractual work may be ascribed to PKC2 as well.

11.     The Subject Property is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b) because it is a building occupied as a residence by several families.

12.     The Plaintiff rented apartment # 9 in the Subject Building starting in 2012.

13.     The Plaintiff is African American.

14.     At all times relevant to this complaint, Plaintiff was the only African American tenant in the Subject Building.

15.    The Plaintiff is black.

16.    At all times relevant to this complaint, Plaintiff was the only black tenant in the Subject Building.

17.    The Plaintiff's tenancy was supported by a Housing Choice Voucher, administered by the St. Petersburg Housing Authority ("SPHA"). Under the Housing Choice Voucher program, a housing authority subsidizes a portion of a tenant's rent and enters into a separate Housing Assistance Program (HAP) contract with a landlord. The SPHA had entered into a HAP contract with PKC2 concerning Ms. Jackson's tenancy.

18.    At the time that All County took over management of the subject property, the Plaintiff was current on her rent payment obligations.

19.    Once All County took over management of the subject property, the Plaintiff paid her portion of the rent to All County on a monthly basis, through an online portal at rentmanager.com.

20.    On 07 July 2021, All County mailed a three-day notice to the Plaintiff, advising that she was behind in her rent payments. A copy of the notice is attached as **Exhibit A**.

21.    At the time that notice was delivered, the Plaintiff had timely made all rent payments for which she was responsible.

22.    Although the Plaintiff had originally entered into a written lease

4

agreement with PKC2, neither PKC2 nor All County requested that she sign a lease renewal. All parties treated the lease agreement as ongoing.

23.     On 15 August 2022, SPHA gave notice to the Plaintiff and to All County that the lease agreement and the HAP contract were current and effective, and advising of the new amounts that SPHA and Ms. Jackson would be responsible for on a monthly basis, effective 01 October 2022. A copy of the notice is attached as **Exhibit B**.

24.     On 24 February 2023, All County advised the Plaintiff that her account was in arrears and that she was not in a lease agreement.

25.     At the time of that notice, the Plaintiff had made all payments for which she was responsible.

26.     On 06 March 2023, All County delivered a three-day notice to the Plaintiff, stating that she owed rent to the landlord, and demanding payment of the alleged unpaid amount or possession of the premises within three business days of delivery of the notice. A copy of the notice is attached as **Exhibit C**.

27.     This was followed by additional three-day notices All County delivered to the Plaintiff on 15 March 2023, 04 April 2023, 07 April 2023, 05 June 2023, and 05 July 2023. The notices are attached as **Exhibits D**, **E**, **F**, **G**, and **H**, respectively.

28.     In addition, All County regularly emailed the Plaintiff during this time

to advise that her account was in arrears.

29.    At all times, the Plaintiff had timely made all rental payments for which she was responsible.

30.    On 17 April 2023, SPHA sent notice to the Plaintiff and All County, advising that the Plaintiff's unit had failed a periodic housing quality inspection, and that the particular violations that had led to the failure were the responsibility of the unit owner, not of the tenant. SPHA advised that it would abate payment of its portion of the rent for Plaintiff's unit until the violations were repaired. A copy of the notice is attached as **Exhibit I**.

31.    All County made repairs, and the Plaintiff's unit passed a subsequent housing quality inspection on 09 May 2023.

32.    On 13 July 2023, All County sent an email to SPHA, advising that the Plaintiff was late on her rent, and asking what steps were necessary to non-renew the Plaintiff's lease agreement. A copy of the email is attached as **Exhibit J**.

33.    On 18 July 2023, All County delivered a notice to the Plaintiff advising that her tenancy would not be renewed, and that she must vacate the premises on or before 31 August 2023. A copy of the notice is attached as **Exhibit K**.

34.    All County had not delivered three-day notices to other tenants in the Subject Building who had made all the payments for which they were responsible.

35.    All County had not inquired with SPHA regarding terminating the tenancies of other residents in the Subject Building.

36.    All County had not sent notices terminating the tenancies of other residents in the Subject Building.

37.    The Plaintiff filed a housing discrimination complaint with the Pinellas County Office of Human Rights (PCOHR) on 24 July 2023. In the complaint, the Plaintiff asserted that All County did not want her in the Subject Building because she was the only African American and the only black person in the Subject Building, and that the termination of tenancy constituted discrimination on the basis of race and color.

38.    During the investigation, PCOHR asked All County for the reason it terminated the Plaintiff's tenancy. All County gave various reasons for the termination, which were inconsistent, and sometimes contradicted by other information All County or PKC2 had provided.

39.    The PCOHR issued a Determination of Reasonable Cause on 21 February 2024, finding that reasonable cause existed to believe that PKC2 and All County had engaged in unlawful housing discrimination against the Plaintiff on the basis of race and color. A copy of the determination is attached as **Exhibit L**.

40.    On 21 February 2024 PCOHR advised the Plaintiff of her ability to bring a civil action in federal district court if she elected to do so within 20 days of

the letter. A copy of the letter with this advice is attached as **Exhibit M**.

41.     On 07 March 2024 the Plaintiff, through the undersigned counsel, elected to bring a civil action in federal court. A copy of the election letter is attached as **Exhibit N**.

42.     The undersigned legal aid organization has agreed to commit its time and resources to this case.

COUNT I – Discrimination against Deborah N. Jackson Based on Race and Color

[42 U.S.C. § 3604]

43.     Paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

44.     The Fair Housing Act, 42 U.S.C. § 3604, provides in pertinent part:

> [I]t shall be unlawful . . . (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

45.     Defendants discriminated against Plaintiff in the provision of services in connection with the rental of a dwelling when they delivered three-day notices to Plaintiff when the Plaintiff had made all payments for which she was responsible, did so repeatedly, and did not deliver such notices to other tenants in the Subject Building who were current on their personal rental obligations.

46.     Defendants discriminated against Plaintiff in the provision of services in connection with the rental of a dwelling when they made inquiries with SPHA

about terminating Plaintiff's lease, when they had not made such inquiries regarding any other tenants in the Subject Building.

47.　　Defendants discriminated against Plaintiff in the provision of services in connection with the rental of a dwelling when they delivered notice to Plaintiff terminating her tenancy, when they had not delivered such a notice to any other tenants in the Subject Building.

48.　　Because the Plaintiff was the only African American tenant in the Subject Building, the discrimination mentioned in paragraphs 45 through 47 was because of race.

49.　　Because the Plaintiff was the only black tenant in the Subject Building, the discrimination mentioned in paragraphs 45 through 47 was because of color.

50.　　The Defendants' discriminatory actions were in violation of 42 U.S.C. § 3604(b).

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court enter an order:

A.　　Declaring that the Defendants' discriminatory actions, as set forth above, violated the Fair Housing Act, 42 U.S.C. § 3601, et seq.;

B.　　Ordering Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future to eliminate, to

9

the extent practicable, the effects of their unlawful conduct, including

implementing policies and procedures to ensure that no applicants or residents are

discriminated against because of race or color;

C.    Awarding actual and punitive monetary damages to Plaintiff pursuant

to 42 U.S.C. § 3613(c)(1);

D.    Awarding reasonable attorney's fees and costs, pursuant to 42 U.S.C.

§ 3613(c)(2); and

E.    Ordering such additional relief as the interests of justice may require.

DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Tampa, Florida as the place of trial for the above-

styled matter.

Respectfully submitted,

GULFCOAST LEGAL SERVICES, INC.
Attorney for Plaintiff Deborah N. Jackson

__/s/ James Alex Kushner__
by: James Alex Kushner
Florida Bar No. 0029137
1111 3rd Avenue West, suite 100
Bradenton, Florida 34205
telephone: (941) 746-6151
fax: (727) 231-0935
JamesK@gulfcoastlegal.org

EXHIBIT "A"

#1

page #2

## THREE DAY NOTICE TO PAY RENT OR GIVE POSSESSION

**All County Property Management**
**5922 9th Ave N**
**St Petersburg, FL 33710**

7/7/2021

Deborah Jackson
3467 33rd Ave N. Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of $490.00 for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and on behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the 12 day of July, 2021.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

All County Property Management & Realty, Inc.
5922 9th Avenue North
St Petersburg, FL 33710
(727) -541-2578

_____
Agent for owner

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:

July 7, 2021 :

( ) Handed to _____, or
                    (person's name)
( ) Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

Hand-delivered or mailed by:

_____

"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287."



**ST. PETERSBURG
HOUSING AUTHORITY**

August 15, 2022

Deborah Jackson
3467 33rd Ave N #9
St. Petersburg, FL 33713

All County Property Management
4881 81st Ave North
PINELLAS PARK, FL 33781

RE: **CONTRACT AND LEASE AGREEMENT AMENDMENT**

Dear Client:

Enclosed you will find the change to your lease following your recent examination.
This change will be effective on **10-01-2022**.

If you have any questions, please contact me at (727) 323-3171.

Sincerely,

**Lavonna Heller**
Housing Specialist

cc:  file





**ST. PETERSBURG**
**HOUSING AUTHORITY**
## SECTION 8 HOUSING CHOICE VOUCHER PROGRAM
### Housing Assistance Payments (HAP) Contract and Lease Amendment

Contract Number                                                    Printed On
HCV-2294                                                           8/15/22

This amendment is between **ALL COUNTY PROPERTY MANAGEMENT** (Owner),  Deborah Jackson (Tenant) holding
family participating number HCV-2294 and the **ST. PETERSBURG HOUSING AUTHORITY**, regarding the housing unit
described as:  **3467 33rd Ave N #9 , St. Petersburg, FL 33713**

---

This amendment changes the respective terms of the Housing Assistance Payments (HAP) Contract between ALL
COUNTY PROPERTY MANAGEMENT and the St. Petersburg Housing Authority and the Lease between
Deborah Jackson and ALL COUNTY PROPERTY MANAGEMENT, as follows:

1.    The reason for the Amendment is:

   [  X          ]   RE-EXAMINATION
                     Annual Review of family income, expenses, assets and
                     composition

   [             ]   INTERIM RE-EXAMINATION
                     Interim change in family income, expenses, assets and
                     composition

   [             ]   RENT ADJUSTMENT
                     The St. Petersburg Housing Authority approved changes in
                     contract rent.

1.    The change results in an adjustment in the following payments:

| | |
|---|---|
| HAP Payment | $796.00 |
| Tenant Rent | $204.00 |
| Total Contract Rent | $1000.00 |
| Utility Reimbursement | $0.00 |

2.    The Effective Date of the Amendment and the change is **10-01-2022**

3.    The tenant's next re-certification date is **10-01-2023**

4.    This Amendment is prepared in accordance with the terms and conditions of both the HAP
      Contract between ALL COUNTY PROPERTY MANAGEMENT and the St. Petersburg Housing
      Authority, and the Current Lease between Deborah Jackson and ALL COUNTY PROPERTY
      MANAGEMENT and this Amendment is made a part of the HAP Contract and the current Lease.
      All other covenants, terms, and conditions in the HAP Contract and the current Lease shall
      remain the same.

5.    **TO Deborah Jackson ONLY:**
      If you have any questions, please contact me at (727) 323-3171.

**EXHIBIT "C"**

2Nd

## THREE DAY NOTICE TO PAY RENT OR GIVE POSSESSION

**All County Property Management**
**1700 66th St N**
**Suite # 402**
**St Petersburg, FL 33710**

3/6/2023

Deborah Jackson
3467 33rd Ave N. Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of **$760.96** for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and on behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the **9** day of **March, 2023**.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

All County Property Management & Realty, Inc.
1700 66th St N
Suite #402
St Petersburg, FL 33710
(727) -541-2578                                    Agent for owner

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:
_____ :

( ) Handed to _____ , or
                  (person's name)
( ) Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

Hand delivered or mailed by:
_____

**"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287."**

## THREE DAY NOTICE TO PAY RENT OR GIVE POSSESSION

**All County Property Management**
**1700 66th St N**
**Suite # 402**
**St Petersburg, FL 33710**

3/15/2023

Deborah Jackson
3467 33rd Ave N. Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of $826.xx for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and or behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the 20 day of March, 2023.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

_____

All County Property Management & Realty, Inc.
1700 66th St N
Suite #402                                      Agent for owner
St Petersburg, FL 33710
(727) -541-2578

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:

_____ 3 / 15 /23 _____, or

( ) Handed to _____
                    (person's name)
[X] Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

Hand delivered or mailed by:

D Lottler

*"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287."*

EXHIBIT "E"

All County Property Management
1700 66th St N
Suite # 402
Saint Petersburg, FL 33710

4/4/2023

Deborah Jackson
3467 33rd Ave N, Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of **$1,048.27** for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and on behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the 7 day of April, 2023.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

All County Property Management & Realty, Inc.
1700 66th St N
Suite #402
St Petersburg, FL 33710
(727) -541-2578

Agent for owner

_____

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:

( ) Handed to

_4 - 4 - 23_

( ) Handed to _____
      (person's name)                           , or
(X) Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

Hand delivered or mailed by:

_D. Hettler_

"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800 EEO 4287."





## THREE DAY NOTICE TO PAY RENT OR GIVE POSSESSION

**All County Property Management**
**1700 66th St N**
**Suite # 402**
**Saint Petersburg, FL 33710**

4/7/2023

Deborah Jackson
3467 33rd Ave N. Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of **$1,048.27** for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and on behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the **12** day of **April, 2023**.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

All County Property Management & Realty, Inc.
1700 66th St N
Suite #402          _____
St Petersburg, FL 33710
(727) -541-2578          Agent for owner

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:
_____4-7-23_____ :

( ) Handed to _____, or
             (person's name)
(✓) Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

                              Hand delivered or mailed by:
                              _____

**"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287."**

**EXHIBIT "G"**

## THREE DAY NOTICE TO PAY RENT OR GIVE POSSESSION

#6

All County Property Management
1700 66th St N
Suite # 402
Saint Petersburg, FL 33710

6/5/2023

Deborah Jackson
3467 33rd Ave N. Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of **$1,514.66** for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and on behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the **8** day of **June, 2023**.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

All County Property Management & Realty, Inc.
1700 66th St N
Suite #402
St Petersburg, FL 33710
(727) -541-2578

Agent for owner

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:
06/05/2023 :

( ) Handed to _____, or
(person's name)

(X) Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

Hand delivered or mailed by:
D Nettler

"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287."

EXHIBIT "H"

## THREE DAY NOTICE TO PAY RENT OR GIVE POSSESSION

**All County Property Management**
**1700 66th St N**
**Suite # 402**
**Saint Petersburg, FL 33710**

7/5/2023

Deborah Jackson
3467 33rd Ave N. Unit 9
Saint Petersburg, FL 33713
Pinellas County

Pursuant to Florida Statute 83.56(3), you are hereby notified that you are indebted to the owner in the sum of **$2,551.97** for the rent and use of the premises described above now occupied by you. We are the agents for the owner, and on behalf of the owner, we demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the 10 day of July, **2023**.

If you vacate the premises or are evicted, we will retake possession for your account pursuant to Florida Statute 83.595. In addition to past due rent and late charges and any damage to the premises, you will be liable for future rent and late charges until the lease expires, less any rent we receive from re-renting the premises. If suit is filed, you may be liable for the owner's suit costs including attorney fees.

All County Property Management & Realty, Inc.
1700 66th St N
Suite #402
St Petersburg, FL 33710
(727) -541-2578

_____
Agent for owner

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:
_____7·5·23_____ :

( ) Handed to _____, or
                    (person's name)
(✓) Left at the premises in the absence of tenant(s), and/or
( ) Sent first class (add 5 days to expiration date if mailed only)

Hand delivered or mailed by:
D Hollis _____

**"Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under Federal law. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287."**

**EXHIBIT "I"**



St. Petersburg
**Housing Authority**



April 17, 2023

All County Property Management
1700 66th St N
ST. PETERSBURG, FL 33710

RE: NOTICE OF ABATEMENT OF HOUSING ASSISTANCE PAYMENTS FOR:

Deborah N Jackson
3467 33rd Ave N #9
St. Petersburg, FL 33713

Dear All County Property Management:

In our Inspection Checklist dated 03/13/2023, we advised you of needed repairs for the subject rental unit. We also requested that repairs be completed by 04/12/2023, in order for future rental assistance payments to be made to you.

Since you have been unable to make the needed repairs, in accordance with HUD regulations, we are required to abate rental assistance payments effective 05/01/2023. The unit will remain abated until all required repairs are made and the unit passes an HQS Inspection conducted by this office. In order to request an inspection on a unit for which the housing assistance has been abated, you must complete and return the attached form certifying that all required repairs have been made, within fifteen (15) days from the date of this notice. A re-inspection of the unit will not be conducted unless this form is received.

Should the unit fail to pass HQS Inspection during the re-inspection, or if no re-inspection is requested, we will move to terminate the HAP Contract, and the tenant will be issued a Housing Choice Voucher and the appropriate paperwork to locate another unit.

During this abatement period, no housing assistance payments will be paid to you for the referenced unit; however, you cannot hold your tenant responsible for any rental amounts that we are withholding due to your failure to make the required repairs. The tenant must continue to pay his/her portion of the rent during the abatement period.

By copy of this letter we are notifying the tenant of the status of his/her rental assistance.

If you have any questions, please contact me at (727) 323-3171.

Sincerely,

Inspection Department

cc:    File
       Tenant

# Deficiency - - Summary
## HUD-52580 04/2014

1
(110918/30018)
(29328/11580)
Deborah N Jackson
3487 33rd Ave N #9, , , St. Petersburg, FL 33713

| Name of Family: Deborah N Jackson | Tenant ID No.: XXX-XX-███ | Request Date:(mm/dd/yyyy) 03/16/2023 |
|---|---|---|
| Inspector: Landmark 2 | Neighborhood/Census Tract: | Inspection Date:(mm/dd/yyyy) 04/12/2023 |
| Type of Inspection: Reinspection | Last Inspection Date: 03/13/2023 | PHA: St. Petersburg Housing Authority |

General Information
Inspected Unit:    S8        (11580)

| Street Address: 3487 33rd Ave N #9 | City: St. Petersburg | State: FL | Zip: 33713 |
|---|---|---|---|
| County: Pinellas County | District: | | Result: Fail |
| Name of Owner or Agent Authorized to Lease Unit Inspected: | Phone Number: | | |

Address of Owner or Agent:

| Item No. | Name | Value/Result | Comment |
|---|---|---|---|
| **Bathroom** | | | |
| 3.10 | Flush Toilet in Unit | Fail/Fail | loose toilet base / owner |
| 3.11 | FixedWash Basin/Lavatory U | Fail/Fail | replace bathroom sink faucet (corrosion) / owner |

110918

fail cnt:          2
critical cnt:      0
comment cnt:       3

## EXHIBIT "J"

| | |
|---|---|
| **From:** | Lindsey North <lnorth@allcountyfranchise.com> |
| **Sent:** | Thursday, July 13, 2023 1:56 PM |
| **To:** | Lavonna Heller |
| **Cc:** | Karen Smith |
| **Subject:** | [EXTERNAL] Deborah Jackson |
| **Attachments:** | Transactions_2307131343.pdf |

Hello!

Deborah Jackson has been late, and accumulating quite a balance. I have attached her ledger.. I need to know what steps are needed to non-renew her.

Thank you,

--
Best Regards,

Your All County Support Team

Lindsey North

**\*\* Please note we are moving to a new location! As of 01/23/2023 we will be located at 1700 66th St. N, Suite #402, St. Petersburg, FL 33710\*\***



**Phone:** 727.541.2578 ext. 107  | **Fax:** 855.243.RENT (7368)
1700 66th St.N Suite 402 | St. Petersburg, FL 33710

AllCountySuncoast.com





**EXHIBIT "K"**



# ALL COUNTY®
### Suncoast Property Management

### NOTICE OF NON-RENEWAL/ TERMINATION

7/18/2023

**Deborah Jackson**
**3467 33rd Ave N. Unit 9**
**Saint Petersburg, FL 33713**

YOU ARE ADVISED THAT YOUR TENANCY AND/OR LEASE WILL NOT BE RENEWED.

YOU MUST VACATE THE PREMISES NO LATER THAN _____August 31_____, 20_23_.

*IN THE EVENT THAT YOU DO NOT VACATE THE PREMISES BY SAID DATE, LEGAL ACTION MAY BE TAKEN IN WHICH YOU MAY BE HELD LIABLE FOR HOLDOVER (DOUBLE) RENT, DAMAGES COURT COSTS AND ATTORNEY'S FEES.*

*D Hettler*
Agent for owner

**All County Suncoast Property Management**
**1700 66th St N,**
**Suite #402**
**St Petersburg, FL 33710**
**(727) 541-2578 www.allcountysuncoast.com**

### Certificate of Service

I certify that I delivered this notice to the above addressed person(s) in the manner indicated below on:
__7-19-23__ :

( ) Handed to _____, or
         (person's name)
(X) Left at the premises in the absence of tenant(s), and/or
( ) Sent certified mail #_____

Hand delivered or mailed by:
*D Hettler*





**Pinellas County**
OFFICE OF
HUMAN RIGHTS
Jeffery Lorick, Director

DEBORAH JACKSON

v.

PKC2 LLC, ET. AL

HUD CASE NO. 04-23-5251-8

PC CASE NO. 23-036

DETERMINATION OF REASONABLE CAUSE, NOTICE OF FAILURE TO
CONCILIATE, AND CHARGE OF DISCRIMINATION

I.    **JURISDICTION.**

Deborah Jackson, aggrieved person, filed a complaint of housing discrimination on
the bases of race, color and discriminatory terms, conditions, privileges of services and
facilities with the Pinellas County Office of Human Rights (PCOHR) on July 27, 2023.
PCOHR has been certified by HUD as substantially equivalent under federal law.

This Office, in conjunction with the Pinellas County Attorney's Office, has
determined that reasonable cause exists to believe that a discriminatory housing practice has
occurred in violation of the *Fair Housing Act Amendments of 1988* (*FHAA*), including, but
not limited to, Section 804(b). Therefore, the issuance of this charge of discrimination has
been authorized.

II.    **SUMMARY OF ALLEGATIONS IN SUPPORT OF THIS CHARGE**.

Based upon the investigation of this complaint by the PCOHR, it has been
determined that there is reasonable cause to believe Respondents engaged in unlawful
discrimination on the bases of race and color as evidenced by the imposition of unfavorable
terms and conditions on Complainant's tenancy including repeated three-day letters for non-
payment when Complainant was not delinquent. Respondents also refused to make minor
repairs to Complainant's unit. These unfavorable terms were not imposed on similarly
situated tenants.  Based upon these actions, there is reasonable cause to believe the
Respondent violated the *Fair Housing Act Amendments of 1988* (*FHAA*), including, but not
limited to, Section 804(b).

**We actively use feedback to constantly improve our delivery and provide you with
the best possible service. Please share your feedback with us in this quick survey.**

https://www.surveymonkey.com/r/OHRCustomerSatisfaction

PLEASE ADDRESS REPLY TO:
Pinellas County Office of Human Rights
400 South Fort Harrison Avenue, 5ᵗʰ Floor
Clearwater, Florida 33756
PHONE: (727) 464-4880
FAX: (727) 464-4157
TDD: (727) 464-4062
WEBSITE: pinellascounty.org/humanrights

III.    **FINAL INVESTIGATIVE REPORT**.

The information supporting this reasonable cause determination and charge is more specifically contained in the investigator's Final Investigative Report (FIR) completed for this complaint. A copy of the FIR will be provided to any aggrieved person and any respondent upon written request filed with Jeffery Lorick, Director, Pinellas County Office of Human Rights, 5th Floor, 400 S. Ft. Harrison Ave., Clearwater, FL 33756, telephone number (727) 464-4880.

IV.    **FAILURE TO CONCILIATE.**

The Office of Human Rights offered to conciliate this complaint throughout the pendency of our investigation, and prior to our issuance of this determination, pursuant to Pinellas County Codes, §§ 70-145, 147. Based on our records, the parties either failed to volunteer to participate in conciliation, or such efforts were unsuccessful.

V.    **CONCLUSION**.

Wherefore, based upon the above, the PCOHR, in conjunction with the Pinellas County Attorney's Office, and pursuant to *Pinellas County Code,* Sec 804(a) or (f), issues this charge of reasonable cause to believe that the Respondent engaged in unlawful housing discrimination on the bases of race and color in violation of the *Fair Housing Act Amendments of 1988* (*FHAA*), including, but not limited to, Section 804(b), and will pursue such relief on behalf of the aggrieved person as may be appropriate under the applicable fair housing laws and ordinances.

Respectfully submitted,

Jeffery Lorick, Director
Pinellas County Office of Human Rights

Jewel White, County Attorney
Pinellas County, Florida
315 Court Street, Sixth Floor
Clearwater, FL 33756
Phone: (727) 464-3354

DATE: 2/21/24

2

# NOTICE

    WITH THE ISSUANCE OF THE ATTACHED CHARGE OF DISCRIMINATION BY THE PINELLAS COUNTY OFFICE OF HUMAN RIGHTS, CERTAIN RIGHTS AND RESPONSIBILITIES HAVE BEEN GIVEN TO YOU. THE FOLLOWING PARAGRAPHS ARE AN OUTLINE OF THOSE RIGHTS. PLEASE READ THE PROVISIONS OF THIS NOTICE CAREFULLY AND, IF YOU DO NOT UNDERSTAND ITS CONTENTS, OR IF YOU HAVE ADDITIONAL QUESTIONS, CONTACT THE OFFICE OF HUMAN RIGHTS, 400 SOUTH FORT HARRISON AVENUE, 5TH FLOOR, CLEARWATER, FLORIDA 33756, TELEPHONE NUMBER (727) 464-4880.

## I.    ELECTION OF CIVIL ACTION.

    UNLESS ONE OF THE PARTIES ELECTS WITHIN TWENTY (20) DAYS FROM THE DATE THEY RECEIVE THIS NOTICE TO HAVE THE CLAIMS ASSERTED IN THIS CHARGE DECIDED IN A CIVIL ACTION IN FEDERAL OR STATE COURT, AN ADMINISTRATIVE HEARING WILL BE AUTOMATICALLY SCHEDULED FOR A TIME AND PLACE DESIGNATED BY ORDER OF A DOAH HEARING OFFICER. Such administrative hearing will be conducted in accordance with Chapter 120, Florida Statutes, and the Pinellas County Human Rights Ordinance. Pinellas County will provide an attorney to commence and maintain the action on behalf of the aggrieved person. The DOAH hearing officer may order appropriate relief, including actual damages, reasonable attorney's fees, costs, and other injunctive relief, and may also assess a civil penalty.

    If any person elects to proceed in federal or state court, Pinellas County will provide an attorney to commence and maintain this action on behalf of the aggrieved person. Additionally, the aggrieved person retains the right to be represented by counsel of his/her own choice at such person's own expense. Any party may choose to have the case decided by a jury. The federal or state court may award injunctive and/or other equitable relief as well as monetary relief (including actual and punitive damages). The election to proceed in federal or state court must be filed with the Pinellas County Office of Human Rights not later than the 20th day after the date of receipt by the electing person of the determination of reasonable cause and charge of discrimination. Such election shall not be considered filed until received by the Pinellas County Office of Human Rights at the following address:

        Director, Pinellas County Office of Human Rights
        400 S. Ft. Harrison Avenue, Fifth Floor
        Clearwater, FL 33756

    Persons making such election must also serve written notification of the election on the individuals listed below:

COMPLAINANT:        Deborah Jackson
                        3467 33rd Ave N, Apt #9
                        St. Petersburg, FL 33713

RESPONDENTS:                PKC2, LLC
c/o Paracorp Incorporated (Registered Agent)
155 Office Plaza Dr, 1st Floor
Tallahassee, FL 32301
**Represented by**: Anthony Comparetto, Comparetto Law Firm
PO Box 1298, St. Petersburg, FL 33731

All County Suncoast Property Management
c/o Sandra Ferrera (Registered Agent)
1700 66th Street North, Ste 402
St. Petersburg, FL 33710
**Represented by**:  Lori Heim, Bush Ross, P.A.
1801 N Highland Ave., Tampa, FL 33602

OFFICIALS:                    Jeffery Lorick
Office of Human Rights
400 S. Ft. Harrison Avenue, Fifth Floor
Clearwater, FL  33756

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the "Determination of Reasonable Cause and Charge of Discrimination" and the accompanying "Notice" were sent on this _2 1 st_ day of February, 2024, by first class mail, postage prepaid, and by certified mail, return receipt requested, to the following:

Deborah Jackson
3467 33rd Ave N, Apt #9
St. Petersburg, FL 33713

Anthony Comparetto,
Comparetto Law Firm
PO Box 1298,
St. Petersburg, FL 33731

James Clegg
Gulfcoast Legal Services, Inc.
501 1st Avenue N., Suite 420
St. Petersburg, FL 33701

Lori Heim, Bush Ross, P.A.
1801 N Highland Ave.,
Tampa, FL 33602

Jeffery Lorick, Director
Pinellas County Office of Human Rights
400 S. Ft. Harrison Ave., Fifth Floor
Clearwater, FL  33756
(727) 464-4880

EXHIBIT "N"



To:     Director, Pinellas County Office of Human Rights
        400 S. Ft. Harrison Avenue, Fifth Floor
        Clearwater, FL 33756
        Also via email to jlorick@pinellas.gov

From:   James Alex Kushner

Re:     Deborah Jackson v. PKC2 LLC et al.
        HUD case number 04-23-5251-8
        PC case number 23-036
        ELECTION OF FEDERAL COURT

07 March 2024

Dear Mr. Lorick,

On 21 February 2024, your office issued a Determination of Reasonable Cause and Charge of Discrimination in the matter of *Deborah Jackson v. PKC2 LLC et al.*, determining that there was reasonable cause to believe that the Respondents to the complaint (PKC2 LLC and All County Property Management and Realty Inc.) had engaged in unlawful discrimination.

Enclosed with that determination was a notice stating that, if any party wished to have the claims asserted in the charge decided in a civil action in federal court, the party would need to file said election with your office no later than twenty (20) days after the receipt of the determination of reasonable cause.

Your office also referred Ms. Jackson's case to our organization, and the undersigned has met with Ms. Jackson to determine her preference. <u>With this letter, the undersigned, on behalf of Deborah Jackson, informs you and all recipients of her election to have the matter adjudicated in federal court.</u>

---




Please acknowledge receipt, and feel free to contact me with any questions you may have.

Sincerely yours,

James Alex Kushner
Managing Attorney, Housing

Cc:    Deborah Jackson
       Anthony Comparetto, Comparetto Law Firm
            (on behalf of respondent PKC2, LLC)
       Lori Heim, Bush Ross, P.A.
            (on behalf of respondent All County Property Management and Realty Inc.)